# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ZENIA BROWN, | Case No. 2:25-cv-00383-JCM-NJK |
| Plaintiff, | **Order** |
| v. | |
| LELAND DUDEK, | |
| Defendant. | |

Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, Docket No. 1, and has submitted a complaint, Docket No. 2.

### I.  Application to Proceed *In Forma Pauperis*

Plaintiff filed an application to proceed *in forma pauperis*. Docket No. 1. The application has sufficiently shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* will be granted pursuant to § 1915.

### II.  Screening the Complaint

When a party seeks permission to pursue a civil case *in forma pauperis*, courts will screen the complaint.  *See* 28 U.S.C. § 1915(e).  A central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

With respect to social security appeals specifically, judges in this District have outlined some basic requirements for complaints to satisfy the Court's screening.  First, the complaint must establish that administrative remedies were exhausted pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within 60 days after notice of a final decision.  Second, the complaint must indicate the judicial district in which the plaintiff resides.  Third, the complaint must state the

1

nature of the plaintiff's disability and when the plaintiff claims to have become disabled. Fourth, the complaint must identify the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).[1]

Applying these standards in this case, Plaintiff's complaint is insufficient. Plaintiff alleges that she exhausted her administrative remedies, she timely commenced this case,[2] she resides in this judicial district, and states the nature of her disability and when it commenced. Docket No. 2 at 2. However, Plaintiff's complaint has not stated a colorable claim for relief. Plaintiff merely alleges that "she is entitled to the benefits for which she applied because she meets all of the requirements as to disability set out in the Social Security Act." Docket No. 2 at 2. Plaintiff must provide a statement identifying the basis of her disagreement with the Social Security Administration's determination and must make a showing that she is entitled to relief. While this showing need not be made in great detail, it must be presented in sufficient detail for the Court to understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint. *See Macbrair v. Colvin*, 2016 WL 2930705, at *2 (D. Nev. May 18, 2016).

### III.   Conclusion

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the caveat that the fees must be paid if recovery is made. At this time, Plaintiff is not required to pre-pay the filing fee.

---

[1] New rules govern social security cases, which provide in pertinent part that the plaintiff "may" provide a short and plain statement of the grounds for relief. Supp. R. Soc. Sec. 2(b)(2). In the context of an *in forma pauperis* screening, however, a social security plaintiff must still provide a sufficient explanation as to her contentions on appeal. *Jalal H. v. Comm'r of Soc. Sec.*, 2023 WL 35218, at *2 (S.D. Cal. Jan. 4, 2023).

[2] The complaint does not allege the date on which a final decision was rendered to deny social security benefits. Instead, Plaintiff submits that the Administrative Law Judge's decision was issued on November 27, 2024, and became final 61 days after. *Id*. It would seem that the civil action was commenced within 60 days after notice of a final decision, but it is not clear if one was made.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk's Office is **INSTRUCTED** to file the complaint.

4. Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **April 4, 2025**, to file an amended complaint, if Plaintiff believes the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to comply with this order may result in dismissal.**

IT IS SO ORDERED.

Dated: March 5, 2025

_____
Nancy J. Koppe
United States Magistrate Judge