John Metsker, Esq., CA SBN 268977
THE METSKER LAW FIRM
P.O. Box 590881
San Francisco, CA 94159
Phone: 866-342-6180
jmetsker@metskerlaw.com
*Attorney for Plaintiff, Admitted Pro Hac Vice*

Tiffany Gayle Doctors, Esq., NV SBN 14363
8390 W. Windmill Lane, Building B
Las Vegas, NV 89113
Phone: 702-842-0901
tgd@weltlaw.com
*Designated Resident Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZENIA BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.  2:25-cv-00383-JCM-NJK<br><br>STIPULATION AND<br>ORDER FOR THE AWARD OF<br>ATTORNEY FEES PURSUANT TO<br>THE EQUAL ACCESS TO JUSTICE<br>ACT, 28 U.S.C. § 2412(d) |

   IT IS HEREBY STIPULATED by and between the parties through their

undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded

attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d),

in the amount of FIVE THOUSAND SEVEN HUNDRED SIXTY-SEVEN

DOLLARS AND FOURTEEN CENTS ($5,767.14) and no costs or expenses under

28 U.S.C. § 1920. These amounts represent compensation for all legal services

rendered and costs incurred on behalf of Plaintiff, to date, by counsel in connection

1    with this civil action, in accordance with 28 U.S.C. §§ 2412(d) and 1920.

2         After the Court issues an order for EAJA fees to Plaintiff, the government

3    will consider the matter of Plaintiff's assignment of EAJA fees and expenses to

4    Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the ability to

5    honor the assignment will depend on whether the fees, expenses are subject to any

6    offset allowed under the United States Department of the Treasury's Offset

7    Program. After the order for EAJA fees and expenses is entered, the government

8    will determine whether they are subject to any offset.

9         Fees and expenses shall be made payable to Plaintiff, but if the Department

10   of the Treasury determines that Plaintiff does not owe a federal debt, then the

11   government shall cause the payment of fees to be made directly to John D. Metsker,

12   pursuant to the assignment executed by Plaintiff.  Any payments made shall be

13   delivered to Plaintiff's counsel.

14        This stipulation constitutes a compromise settlement of Plaintiff's request for

15   EAJA attorney fees and expenses, and does not constitute an admission of liability

16   on the part of Defendant under the EAJA.  Payment of the agreed amount shall

17   constitute a complete release from, and bar to, any and all claims that Plaintiff

18   and/or Plaintiff's counsel may have relating to EAJA attorney fees, costs and

19   expenses in connection with this action.

20        This award is without prejudice to the rights of Plaintiff's counsel to seek

21   Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset

22   provisions of the EAJA.

23   /////

24   /////

25   /////

26   /////

27   /////

28   //////

2

Respectfully submitted,

Dated: September 26, 2025            */s/ John David Metsker*
                                    JOHN DAVID METSKER
                                    Attorney for Plaintiff


Dated: September 26, 2025            */s/ Jeffrey E. Staples\**
                                    JEFFREY E. STAPLES
                                    *As authorized via email on September 26,*
                                    *2025*
                                    Special Assistant United States Attorney
                                    Attorney for Defendant


# ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.


DATE:  September 30, 2025.

_____
HON. JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

2